No. 12-0632 – <u>Joseph E. Jackson and West Virginia Department of Transportation, Division of Highways v. Joseph Wayne Belcher</u>

**FILED**

December 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Chief Justice, dissenting:

I agree with much of the analysis in Justice Loughry's dissenting opinion. I write separately to emphasize that the majority's strained reliance on the four words, "or any other law," in W. Va. Code § 15-5-11(a), ignores completely the statutory framework set forth by the Legislature. In its opinion, the majority of this Court effectively suggests the bizarre scenario that the Legislature, in enacting W. Va. Code § 15-5-11(a), intended to make a law that is devoid of purpose. I find such reasoning to be illogical and at odds with common sense.

Specifically, if W. Va. Code § 15-5-11(a) did not exist, under this Court's jurisprudence, an individual could sue the State for an injury allegedly caused by the State's provision of emergency services where the recovery sought is confined to the limits of the State's liability insurance coverage. As a result of the majority's construction of W. Va. Code § 15-5-11(a), an individual can *still* sue the State for an injury allegedly caused by the State's provision of emergency services where the recovery sought is confined to the limits of the State's liability insurance coverage. Thus, according to the majority, the Legislature took considerable time and effort to do something which, in effect, results in no difference. Certainly, this odd result could not be what the Legislature had in mind when it enacted this statute.

1

Because of the majority's erroneous construction of W. Va. Code§ 15-5-11(a), I dissent.